IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN T. FARMER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 07-2347 |
| DIRK KEMPTHORNE | : | |

September 25, 2008

**ORDER - MEMORANDUM**

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003, et seq., and the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 et seq.. Defendant Dirk Kempthorne (Secretary of the Interior) moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), or, alternatively, for summary judgment, Fed. R. Civ. P. 56.[1] The motion will be denied without prejudice to permit plaintiff Calvin T. Farmer, who is pro se, to conduct discovery as requested in his response to defendant's motion.

The facts, taken from the complaint and from defendant's papers and accompanying exhibits, are as follows. In 2002, plaintiff, an African-American male over the age of 40,

---

[1] Defendant attaches to its motion numerous documents generated in the course of the events that resulted in the filing of this action. Fed. R. Civ. P. 12(d): "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that the moving party " is entitled to judgment as a matter of law." It is necessary to "view the facts in the light most favorable to the non-moving party" and to "draw all inferences" in that party's favor. Disabled in Action in Pennsylvania v. SEPTA, – F.3d –, –, 2008 WL 3842937, at *6 (3d Cir., filed Aug. 19, 2008).

was a Supervisory Park Ranger in Philadelphia (U.S. National Park Service). Complaint, 1. In April 2002, INDE posted Vacancy Announcements for two District Rangers and one Law Enforcement Specialist. Exhibit "1" to defendant's motion. Plaintiff applied for both positions. Complaint, 7; Exhibit "3" to defendant's motion. On June 11, 2002, two applicants for the District Ranger position - but not plaintiff - were chosen.[2] At the same time, plaintiff was offered the position of Law Enforcement Specialist. He declined the offer a week later. Instead, plaintiff accepted a position as Supervisory Park Ranger at the Natchez Trace Parkway in Cherokee, Alabama.[3] He assumed that position in July 2002.

Plaintiff filed a Complaint of Discrimination on March 1, 2004. Exhibit "15" to defendant's motion. Though the EEOC waived the time limit for plaintiff's contacting an EEOC counselor in connection with his claim, Exhibit "16" to defendant's motion, his claim

---

[2] The complaint alleges that the two men selected were white males, neither of whom had plaintiff's level of experience, and at least one of whom was under 40. Complaint, 9. This provides the basis for the Title VII and ADEA claims. It is undisputed that plaintiff did not receive a non-selection letter for the District Ranger position. According to plaintiff, this draws into question the EEOC finding that his discrimination charge was not timely filed. More specifically, he claims that he contacted two EEOC counselors and was told that "the proper procedure for filing a complaint was to wait until a letter of non-selection had been received." Complaint, 13, 14.

[3] Attached to defendant's sur-reply memorandum is a latter dated May 7, 2002 addressed to plaintiff from Wendell A. Simpson of the National Park Service stating, inter alia: "This letter is to confirm our offer and your acceptance of the position of Supervisory Park Ranger, GS-025-11, step 5, $51,322.00 per annum, effective July 14, 2002 with the Natchez Trace Parkway, Cherokee, Alabama." Based upon this letter, defendants argue plaintiff was not injured by his non-selection for a District Ranger position, and this action is no more than a request for an advisory opinion that plaintiff would have been injured by the non-selection if at the time it occurred in June, he still had an interest in the job. The complaint alleges that plaintiff rejected the Natchez Trace offer when it was made, and accepted it only when it became clear he would not be selected for a District Ranger position in Philadelphia. Complaint, C.10.

was ultimately found to have been untimely filed.  Exhibit "19" to defendant's motion.  The EEOC decision specifically found that plaintiff "learned of his non-selection to the District Ranger position in late June 2002, even though he did not get notification of his non-selection."  Id. at 2.  It further found that plaintiff "failed to initiate the EEOC complaint process within the 45-day time limit and has failed to show that his lack of timely filing was justified. . . . Rather, as noted by the Agency in its Motion [plaintiff] had to have known that he was not selected for one of the District Ranger positions, as the duties of the individuals selected changed to reflect District Ranger duties, and [plaintiff] would have reported to one of them instead of to Mr. Provins."  Id. at 3.[4]  Based on the EEOC's finding, defendant urges that plaintiff's claims in this action are time-barred and should be dismissed.

In response, plaintiff contends that he filed a complaint earlier - at some time in May or June of 2002 - and the Agency misplaced the papers.  He refers to requests for status updates on the complaint sent by him to the EEOC in 2003 in support of this position.  See Exhibits "B" and "G" to plaintiff's Addendum filed February 22, 2008.  He also argues that any delay is excusable and attributable to faulty advice provided by EEOC counselors - that he should wait to receive a non-selection letter before filing.  Complaint, 13, 14.

Defendant contends that plaintiff has not adequately satisfied his burden under Rule 56.  In response, plaintiff requests to be permitted to conduct discovery.  Plaintiff's

---

[4] The Decision went on rule on the merits, finding that plaintiff had not established that the Agency's reasons for choosing other candidates for the District Ranger positions were pretextual.  Exhibit "19" at 4.

3

Addendum, filed February 22, 2008, at 2-4. As noted, plaintiff is pro se. Though unsupported by affidavit, see Fed. R. Civ. P. 56(f), plaintiff's request for additional time for discovery will be granted. By Friday, October 10, 2008, the parties are to submit a discovery schedule for approval.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.